UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE B. RICHARDS,

    Plaintiff,                                                   Case Number: 12 – 14148

v.                                                            Honorable Sean F. Cox
                                                                      Mag. Judge Laurie J. Michelson

KEN MCKEE, *et al.*,

    Defendants.
_____/

**(1) REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [16] AND
(2) ORDER DENYING PLAINTIFF'S MOTION FOR IMMEDIATE SERVICE AND REQUEST FOR EVIDENTIARY HEARING [7]**

      Plaintiff Kyle B. Richards, a Michigan state prisoner presently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, brought this lawsuit against 50 defendants alleging violations of 42 U.S.C. § 1983 and state law. (Dkt. 1, Compl.) Following the initial screening of Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), District Judge Sean F. Cox dismissed numerous defendants and causes of action. (Dkt. 13.) What remains is Plaintiff's contention that several Bellamy corrections officers (Defendants Mote, Niemiec, Bennickson, Gilbert, Wise, Perez, Angel, Wall, Warr, Striat, Malcom, Gibson, and Maynard) are depriving him of food to the point that he is in danger of starvation in violation of his Eighth Amendment right to be free from cruel and unusual punishment, and that, as a result of Plaintiff's past altercations with certain police officers, several Macomb County Jail officers (Defendants Capau, Louis, and Klien) retaliated against him in violation of his First Amendment rights. (*Id.*; Compl. at Pg ID 9, 12-16.)

      Prior to Judge Cox's ruling, Plaintiff filed a Motion for Immediate Service of the Defendants and for an Evidentiary Hearing. (Dkt. 7.) After Judge Cox's ruling, Plaintiff filed a Motion for

Preliminary Injunction, again seeking immediate service of process on the Defendants and to be excused from exhausting his administrative remedies under the PLRA. (Dkt. 16.) As the remaining Defendants have not yet been served, no responses to these motions have been filed. All pretrial proceedings have now been referred to this Court. (Dkt. 14.) Having carefully reviewed Plaintiff's relevant pleadings and briefing, the Court RECOMMENDS that his motions be DENIED.

## I.  BACKGROUND

Plaintiff was arrested for bank robbery on January 7, 2011. (Compl. at Pg ID 20.) Plaintiff alleges that he was housed in the Macomb County Jail in February 2011 and "already having a poor reputation with police, [he] had incurred mistreatment as soon as [he] arrived." (*Id*. at Pg ID 13.) This allegedly included harassment by other inmates, his kites and grievances being ignored by prison personnel, and Defendant officers Capau, Louis, and Klien's refusal to help. (*Id*. at 13-15.) Plaintiff contends that his "abuse and neglect" by prison authorities "began in Macomb County Jail and escalated into [the Michigan Department of Corrections]" after he was transferred to the Bellamy Creek Correctional Facility ("IBC"). (*Id*. at Pg ID 23.) Plaintiff alleges that IBC correctional officers are "wrongly depriving Plaintiff of food." (*Id*. at Pg ID 10.) Plaintiff explains:

> Currently, I'm in Bellamy Creek Correctional Facility and I'm being starved. When my meal tray is passed to me, little or nothing is on it. I've been told by Officer Wall that his friends in the kitchen will make sure I don't eat. Other officers are apathetic, ammused [sic], or state "they don't want to get involved." I've sent at least 5 kites to every inspector and sergeant in the facility . . . . Each Sargent [sic], Lt. or Officer named in this Complaint has been contacted regarding this problem, via kites, grievances and I.D. mail.

(*Id*. at Pg ID 12.)[1]  On September 14, 2012, Plaintiff obtained a signed statement from a prisoner

---

[1] None of these referenced communications are attached to the Complaint.

in the cell across from him that, during the month of August, he witnessed that the trays served to Plaintiff "were always nearly empty." (Dkt. 7, Mot. For Imm. Serv. and Req. For Imm. Hrg. at Pg ID 43.)

On September 24, 2012, a few days after Plaintiff filed this suit, Plaintiff says that a number of other "starved" IBC prisoners protested their food portions by refusing to return their meal trays. (Dkt. 16, Mot. for Prelim Inj. at 2.) One such prisoner was charged with a major misconduct for inciting to riot and disobeying a direct order. The Major Misconduct Hearing Report explains:

> Hearing Officer finds based on the allegation of the reporter . . . and [prisoner's] own admission that [prisoner] did not return his food tray when told to do so, and that he was part of a group in B wing of over a dozen individuals who did not return their trays when told, [prisoner] admitted that he was guilty of disobeying the order to return the tray and stated he did so to take a stand with other inmates that were mad about the portions of food they received.

(Mot. for Prelim. Inj. at Ex. A.)

On September 27, 2012 – after this lawsuit was filed – Plaintiff filed a Step I Grievance Form at IBC. (Dkt. 16, Mot. for Prelim. Inj. at Ex. A.) He complained:

> The food portions I've been receiving are not enough to keep me alive and healthy. I'm not the only one complaining about this. Other prisoners have wrote grievances and a handful of prisoners had even took their slots and trays captive in protest on 9-24-12. I've experienced weight loss and physical health problems, nausia [sic] and stomach pains. Other prisoners [who have] filed grievances claim that MDOC and health care have tried to "cover up" this problem, or deny there's a problem.

(*Id*. at Ex. C.) IBC denied the Step I Grievance on October 18, 2012. According to IBC's Step I Grievance Response, Plaintiff was interviewed regarding his complaint that "the menu does not have enough calories or nutrients." (*Id*. at Ex. D.) The grievance investigation determined that "food service prepares all food items according to the State-Wide recipes, menu, and is using the proper

3

size [utensils] to serve." (*Id.*) The Grievance Response concludes that "[a]ll trays are monitored to ensure the portions are proper. No violation found." (*Id.*)

Plaintiff acknowledges that he did not pursue this grievance. He claims he could not exhaust his administrative remedies because "circumstances were so threatening" and he feared retaliation (Dkt. 16, Mot. for Prelim. Inj. at Pg ID 88-89); because IBC guards would not provide grievance forms or legal materials (Dkt. 15, Pl.'s Legal Argument and Exhibition of Evidence in Support of Compl. and Mot. to Excuse Exhaustion at Pg ID 86); and because he was "under the threat of imminent injury" (*id.* at Pg ID 87).

Plaintiff has now filed a Motion for Preliminary Injunction seeking the following relief: (1) that he be exempted and excused from the exhaustion requirement due to evidence of duress and (2) that the court promptly order the U.S. Marshal to serve the Defendants. (Mot. for Prelim. Inj. at Pg ID 89.) Plaintiff also filed an earlier motion seeking immediate service of the Defendants and an evidentiary hearing for the court to take testimony from a number of prisoners. (Dkt. 7.) The Court will address both motions below.

## II.     MOTION FOR PRELIMINARY INJUNCTION

### A.     Legal Standard

In determining whether to grant a preliminary injunction, a court considers the following four factors: (1) whether the plaintiff is likely to succeed on the merits, (2) whether the plaintiff is likely to suffer irreparable injury absent an injunction, (3) whether the balance of equities tips in the plaintiff's favor, and (4) whether the public interest would be served by granting the injunction. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). The four preliminary injunction factors are "'factors to be balanced, not prerequisites that must be met.'" *Michael v. Futhey*, No. 08-3932,

2009 WL 4981688, at *17 (6th Cir. Dec. 22, 2009) (quoting *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997)). Notwithstanding this balancing approach, the likelihood of success and irreparable harm factors predominate the preliminary injunction inquiry. *See Rhinehart v. Scutt*, No. 10-100006, 2010 WL 3701788, at *3 (E.D. Mich. Aug. 16, 2010) *report adopted by* 2010 WL 3701787 (E.D. Mich. Sep 15, 2010). Thus, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *see also NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). (explaining that under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action).

Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Layette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th. Cir. 2002); *Winter*, 555 U.S. at 24. Indeed, the "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Learly v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Further, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See Kendrick v. Bland,* 740 F.2d 432, 438, n.3 (6th Cir. 1984).

     **B.**    **Plaintiff is Not Entitled to Preliminary Injunctive Relief**

A preliminary injunction is designed to preserve the relative positions of the parties *until*

further proceedings on the merits can be conducted. *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see also University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981) (explaining that the purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held"). Where, as here, Plaintiff seeks affirmative relief and not merely to preserve the status quo, Plaintiff's burden is even more stringent. *Rhinehart*, 2010 WL 3701788 at *4.

There is no basis for a preliminary injunction directing the United States Marshal to serve the remaining defendants. On January 25, 2013, Judge Cox issued an Order of Partial Dismissal and Directing Service Upon Remaining Defendants. (Dkt. 13.) That Order, as its title makes clear, directed that a copy of Plaintiff's Complaint be served by the United States Marshal without prepayment of costs on the remaining Defendants. (*Id*. at 8-9.) On February 13, 2013, the United States Marshal acknowledged receipt of service of process documents. (Dkt. 17.) The docket further reflects that copies of the Complaint and waivers of service were sent to all remaining Defendants on February 24, 2013. Thus, as the District Judge has already ordered service and the Defendants are in the process of being served, Plaintiff's request for an order directing immediate service is moot.

Plaintiff's request for a preliminary injunction to excuse him from exhausting his grievance fares no better. First, the request is premature. The PLRA bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a). The exhaustion prerequisite applies to all inmate suits about prison life — regardless of the nature of the wrong or the type of relief sought. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). The failure to exhaust, however, is

6

an affirmative defense that must be raised and established by the defendant. *Jones v. Bock*, 549 U.S. 199, 216 (2007). As the Defendants have not yet appeared, it is unclear whether they will assert this defense.

Even anticipating the defense, Plaintiff has not demonstrated a substantial likelihood of success on being excused from exhausting Grievance IBC 1209-2874-09A. Plaintiff claims he is suffering from starvation and thus, "feels he had little to no choice but to proceed directly to court, under the threat of imminent injury." (Dkt. 15, Pl. Evid.) But the Sixth Circuit has stated that "[t]he PLRA does not excuse exhaustion for prisoners under imminent danger of serious physical injury." *Arbuckle v. Bouchard*, 92 F. App'x. 289, 291 (6th Cir. 2004). As another court in this District recently explained:

> Plaintiff alleges violations of the Eighth Amendment's prohibition of cruel and unusual punishment as a result of a sewer backup that caused plaintiff's cell to flood with sewer waste. Plaintiff would like this Court to excuse his lack of written grievances because of the need for immediate relief. By failing to file a written grievance, plaintiff knowingly chose to disregard PLRA requirements. Regardless of whether plaintiff's complaint would have been addressed in a timespan acceptable to the plaintiff, inmates do not have the option of voluntarily bypassing the administrative grievance procedure (citation omitted). The Court finds no reason to excuse plaintiff's failure to exhaust his administrative remedies before filing this lawsuit.

*Webb v. Federspiel*, No. 11-13622, 2012 U.S. Dist. LEXIS 103492, at *13 (E.D. Mich. June 25, 2012). Nor has Plaintiff established an imminent danger of serious physical injury. While the deliberate and unnecessary withholding of food essential to normal health can violate the Eighth Amendment, *Cunningham v. Jones*, 567 F.2d 653 (6th Cir. 1977), the present record does not support such a finding. The misconduct report attached by Plaintiff does suggest that certain prisoners were upset about food portions, but it does not support Plaintiff's characterization that

7

prisoners were being "starved." Plaintiff has not provided the Court with any specific information about his current weight or recent changes in his weight. He indicates that he has submitted numerous kites and grievances about the matter, but only one Step I grievance form is attached to his filings. No medical records or documents of any kind have been provided. And the grievance response from IBC, following an investigation, indicates that prisoner food trays are monitored to ensure the portions are proper and that no violation was found.

Plaintiff also contends that he was threatened with retaliation if he filed a grievance and other prisoners who complained about the food portion issue were subject to harassment. (Mot. for Prelim. Inj. at Pg ID 88-89.) These threats of retaliation, say Plaintiff, excuse a prisoner from having to exhaust. The Court disagrees that Plaintiff's conclusory allegations of fear are sufficient to relieve his obligation to exhaust. As the Sixth Circuit recently ruled,

> A prisoner must properly exhaust his remedies before filing his § 1983 complaint. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). [Plaintiff] does not dispute that he failed to exhaust his remedies against these defendants because he did not name them in his Step I grievances. Instead, he argues that [defendants] threatened him about pursuing a grievance against them and that, pursuant to *Woodford*, these threats relieved him of his duty to exhaust his administrative remedies. The district court properly rejected this argument because *Woodford* does not stand for the proposition [plaintiff] espouses. Rather, *Woodford* explicitly requires proper exhaustion before an inmate may file a § 1983 complaint. *Id.*

*Solomon v. Mich. Dep't. of Corr.*, 478 F. App.'x 318, 321 (6th Cir. 2012); *see also Napier v. Laurel Cnty.*, 636 F.3d 218, 222 (6th Cir. 2011) (holding that "[t]o further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested and even where [the prisoners] believe the procedure to be ineffectual or futile."); *Broom v. Engler*, No. 05-123, 2005 U.S. Dist. LEXIS 36824,

8

at *8-9 (W.D. Mich. Dec. 16, 2005) (explaining that "[t]he PLRA does not excuse exhaustion for a prisoner who is under imminent danger of serious physical injury, much less for one who is afraid to complain.").

Plaintiff also maintains that he was prevented from exhausting his administrative remedies because IBC officers would not provide the necessary materials. But Plaintiff provides no specific details. There is no question he received a Step I Grievance Form, was interviewed, and received a timely response. Plaintiff does not explain what steps he took to further pursue this grievance and how he was prevented from doing so – i.e., when he requested Step II and/or Step III grievance forms, who responded, when they responded, what they said or did. Without this information, and because Plaintiff was not prevented from starting the grievance process, the Court cannot find that Plaintiff was prevented from further pursuing his grievance. *See Arbuckle* 92 F. App'x. at 291 (finding that "[plaintiff's] bald assertion that [defendant] refused to give him grievance forms is not enough to excuse the complete absence of evidence that he attempted to exhaust his administrative remedies for the many claims he raised in his district court complaint."). Moreover, Plaintiff did not submit his Step I Grievance form until *after* he filed this lawsuit. This alone would warrant dismissal of his action, irrespective of the actions of the Defendants in preventing Plaintiff from pursuing this grievance. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("The plain language of the [PLRA] makes exhaustion a precondition to filing an action in federal court . . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.").

In sum, Plaintiff's allegations are not sufficient at this early stage of the proceedings to constitute a substantial showing that he will successfully establish that he should be excused from

9

exhausting his administrative remedies. And without a substantial likelihood of success on the merits, Plaintiff is not entitled to a preliminary injunction.

## III. Plaintiff's Motion for Immediate Service and Evidentiary Hearing

Plaintiff filed a separate Motion for Immediate Service and Request for Evidentiary Hearing. (Dkt. 7.) As discussed, Plaintiff's request for immediate service is moot, as Judge Cox has already directed service (Dkt. 13) and the Marshal's Service is presently in the process of attempting to serve the remaining Defendants. (Dkt. 17.)

Plaintiff's motion for evidentiary hearing essentially asks the Court to conduct discovery on his behalf. In particular, Plaintiff asks the Court to locate, subpoena, and "examine testimony" of three prisoner witnesses. (Dkt. 7 at 2.) It is obviously not this Court's responsibility to engage in discovery on Plaintiff's behalf. Nor is an evidentiary hearing the proper mechanism for Plaintiff to obtain discovery in a civil lawsuit. The Court therefore DENIES Plaintiff's Motion for Immediate Service and Evidentiary Hearing. (Dkt. 7.)

## IV. CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that Plaintiff's Motion for Preliminary Injunction be DENIED.

It is further ORDERED, that Plaintiff's Motion for Immediate Service and Evidentiary Hearing is DENIED.

## V. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*,

474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

Regarding this Court's Order on Plaintiff's Motion for Immediate Service and Request for Evidentiary Hearing, the attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days from the date of receipt of a copy of this order to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES MAGISTRATE JUDGE

Dated: February 25, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 25, 2013.

                                        s/J. Johnson
                                        Deputy Clerk