UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE B. RICHARDS,

    Plaintiff,                              Case Number: 12 – 14148

v.                                        Honorable Sean F. Cox
                                             Mag. Judge Laurie J. Michelson

KEN MCKEE, *et al.*,

    Defendants.

_____/

**(1) REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO SEVER AND TRANSFER CASE TO IONIA COUNTY DISTRICT COURT [37] AND THE MDOC DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [35, 39]; AND
(2) ORDER DENYING PLAINTIFF'S MOTION FOR SOLIDIFICATION AND ADMISSION OF EXHIBITS [23]; AND (3) ORDER GRANTING MOTION
TO DEPOSE PLAINTIFF [21]**

Plaintiff Kyle B. Richards, a Michigan state prisoner presently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, brought this lawsuit against 50 defendants alleging violations of 42 U.S.C. § 1983 and state law. (Dkt. 1, Compl.) Following the initial screening of Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), District Judge Sean F. Cox dismissed numerous defendants and causes of action. (Dkt. 13.) What remained was Plaintiff's contention that several Bellamy corrections officers (Defendants Mote, Niemiec, Bennickson, Gilbert, Wise, Perez, Angel, Wall, Warr, Striat, Malcom, Gibson, and Maynard) are depriving him of food to the point that he is in danger of starvation in violation of his Eighth Amendment right to be free from cruel and unusual punishment, and that, as a result of Plaintiff's past altercations with certain police officers, several Macomb County Jail officers (Defendants Capau, Louis, and Klien) retaliated against him in violation of his First Amendment rights. (*Id.*; Compl. at Pg ID 9, 12-16.)

The parties have filed several motions that are currently pending before the Court. Plaintiff filed a "Motion for Solidification and Admission of Exhibits" seeking a preliminary ruling that Defendants prevented him from exhausting his administrative remedies and that he is under the imminent threat of serious physical harm due to starvation. (Dkt. 23.) Additionally, after the Bellamy corrections officers filed a motion for summary judgment for failure to exhaust (Dkt. 35), Plaintiff filed a motion to "drop all federal claims" against these Defendants and transfer the remaining state claims to state court. (Dkt. 37.) Finally, Defendant Scott Campau, a Macomb County Correctional Deputy, seeks leave to take Plaintiff's deposition. (Dkt. 21.) The Court has carefully reviewed the relevant pleadings and briefing and will address these motions below.

I.      BACKGROUND

After he was arrested for bank robbery in January 2011, Plaintiff was housed in the Macomb County Jail in February 2011. (Compl. at Pg ID 20.) He claims that he "already [had] a poor reputation with police," so he "incurred mistreatment as soon as [he] arrived." (*Id*. at Pg ID 13, 20.) This allegedly included harassment by other inmates, adulteration of his food, his kites and grievances being ignored by prison personnel, and Defendant (Macomb County prison) officers Capau, Louis, and Klien's refusal to intervene and help. (*Id*. at 13-15.)

Plaintiff contends that his "abuse and neglect" by prison authorities "began in Macomb County Jail and escalated into [the Michigan Department of Corrections]" after he was transferred to MDOC's Bellamy Creek Correctional Facility ("IBC"). (*Id*. at Pg ID 23.) Plaintiff alleges that IBC correctional officers are "wrongly depriving Plaintiff of food." (*Id*. at Pg ID 10.) Plaintiff explains:

> Currently, I'm in Bellamy Creek Correctional Facility and I'm being starved. When my meal tray is passed to me, little or nothing is on

> it. I've been told by Officer Wall that his friends in the kitchen will make sure I don't eat. Other officers are apathetic, ammused [sic], or state "they don't want to get involved." I've sent at least 5 kites to every inspector and sergeant in the facility . . . . Each Sargent [sic], Lt. or Officer named in this Complaint has been contacted regarding this problem, via kites, grievances and I.D. mail.

(*Id*. at Pg ID 12.)[1]

The IBC correctional officers who have been served (Mote, Niemiec, Bennickson, Gilbert, Wise, Perez, Angel, Wall, Striat, Malcom, Gibson, and Maynard) have filed motions for summary judgment contending that Plaintiff failed to exhaust his administrative remedies. (Dkts. 35, 39.) Of the three remaining Macomb County prison official Defendants (Campau, Klien, Louis), only Scott Campau has been served. He filed an Answer to the Complaint on March 4, 2013. (Dkt. 19.)

## II. MOTION TO SEVER AND TRANSFER THE CASE

Plaintiff filed a motion styled "Motion to Sever and Transfer Case to Ionia County District Court and Notice of Deviation." (Dkt. 37.) In the motion, Plaintiff advises that he "hereby 'drops' all federal claims: (claims arising out of federal law) 14th amm. 1st amm. and 8th amm. U.S. Constitution" against the following MDOC Defendants: Mote, Niemiec, Bennickson, Gilbert, Wise, Perez, Angel, Wall, Malcom, Gibson, and Maynard. (*Id*. at 1.)[2] Plaintiff believes that if he dismisses his federal claims against the MDOC Defendants, not only would the Court lack jurisdiction over them, but that the proper course would be for the Court to transfer the remaining state law claims against these Defendants to the Ionia County District Court. (*Id*. at 2.)

---

[1] None of these referenced communications are attached to the Complaint.

[2] It appears that Plaintiff intended to include Defendant Strait as well since his Motion further indicates that, if the Court grants the relief he seeks, the only Defendants remaining in federal court would be Campau, Klien, and Louis.

3

Based on Plaintiff's representation that he is "dropping" all federal claims against the MDOC Defendants, the Court treats Plaintiff's motion as one for voluntary dismissal. Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a). Under that Rule, a plaintiff may dismiss his action without a court order if he files a notice of dismissal before his opponent serves either an answer or a motion for summary judgment, or if all parties stipulate to dismissal. Fed. R. Civ. P. 41(a)(1). As the MDOC Defendants have filed motions for summary judgment and the parties have not submitted a stipulation of dismissal, Plaintiff's federal law claims against the MDOC Defendants may only be dismissed by court order pursuant to Fed. R. Civ. P. 41(a)(2).

The court may grant a request for voluntary dismissal "on terms that the court considers proper." *Id.* A request for dismissal under Rule 41(a)(2) is within the sound discretion of the district court. *See Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "The primary purpose of the rule in interposing the requirement of court approval is to protect the non-movant from unfair treatment." *Id.* Thus, an abuse of discretion is generally found "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citation omitted).

The MDOC Defendants have not opposed Plaintiff's Motion. While these Defendants have filed motions for summary judgment claiming that Plaintiff failed to exhaust his administrative remedies, success on those motions would effectively create the same result as voluntary dismissal. *Tullos v. Hutchinson*, No. 1:12-CV-144, 2013 WL 1625412, at *8 (W.D. Mich. Mar. 15, 2013) ("Generally, the dismissal of claims for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) is without prejudice."), *report and recommendation adopted*, 2013 WL

4

1625401 (W.D. Mich. Apr. 15, 2013). Further, summary judgment based on exhaustion would not preclude Plaintiff from filing state law claims against these Defendants in state court. To date, no discovery has been taken. Thus, the Court does not find that the MDOC Defendants would suffer plain legal prejudice by the dismissal of the federal claims.

Moreover, to the extent Plaintiff has brought state-law claims against the MDOC Defendants, there is no independent basis for jurisdiction based on diversity. The Court recognizes that federal claims remain against the Macomb County Jail Defendants, but these claims arise out of a different set of core facts than the claims against the MDOC Defendants. Thus, the Court recommends declining to exercise supplemental jurisdiction over the state-law claims to avoid jury confusion. *See* 28 U.S.C. § 1367(c); *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F. Supp. 1309 (E.D. Mich. 1994).

Finally, according to Plaintiff's motion, he seeks to pursue only his federal claims against the Macomb County Defendants. (Dkt. 37 at 2.) While Plaintiff requests "transfer" of the state claims to Ionia state court, that is not the proper remedy. This case was originally filed in federal court. It was not removed from state court. Thus, remand and/or transfer to state court is not appropriate. *See Hughes v. May Dep't Stores Co.*, No. 04-73752, 2006 U.S. Dist. LEXIS 14493, at *2 (E.D. Mich. Mar. 14, 2006) ("A case originally filed in federal court cannot be 'remanded' to another court.") Instead, the Court recommends dismissal of the state law claims without prejudice, such that Plaintiff may refile them in the appropriate state court.

### III.     MOTION FOR SOLIDIFICATION AND ADMISSION OF EXHIBITS

Earlier in this litigation, Plaintiff filed a Motion for Preliminary Injunction seeking, in part, that he be exempted and excused from the exhaustion requirement due to evidence of duress. (Dkt.

16, Mot. for Prelim. Inj. at Pg ID 89.) In recommending denial of that motion, this Court explained:

> [T]he Sixth Circuit has stated that "[t]he PLRA does not excuse exhaustion for prisoners under imminent danger of serious physical injury." *Arbuckle v. Bouchard*, 92 F. App'x. 289, 291 (6th Cir. 2004). As another court in this District recently explained:
>
>> Plaintiff alleges violations of the Eighth Amendment's prohibition of cruel and unusual punishment as a result of a sewer backup that caused plaintiff's cell to flood with sewer waste. Plaintiff would like this Court to excuse his lack of written grievances because of the need for immediate relief. By failing to file a written grievance, plaintiff knowingly chose to disregard PLRA requirements. Regardless of whether plaintiff's complaint would have been addressed in a timespan acceptable to the plaintiff, inmates do not have the option of voluntarily bypassing the administrative grievance procedure (citation omitted). The Court finds no reason to excuse plaintiff's failure to exhaust his administrative remedies before filing this lawsuit. *Webb v. Federspiel*, No. 11-13622, 2012 U.S. Dist. LEXIS 103492, at *13 (E.D. Mich. June 25, 2012).
>
> Nor has Plaintiff established an imminent danger of serious physical injury.

(Dkt. 18 at 7.) Prior to the entry of District Judge Sean F. Cox's order adopting the report and recommendation (Dkt. 28), Plaintiff filed the present motion for solidification and admission of exhibits. (Dkt. 23.) The motion "requests the Court rule to solidify that the evidence brought by Plaintiff is enough to prove that (1) the plaintiff was 'obstructed' and wrongly prevented from exhausting the grievance process [and] (2) the plaintiff is under the imminent threat of serious physical harm due to starvation and evidence thereof." (*Id*. at 1.)

This requested relief is virtually identical to that sought in the motion for Preliminary Injunction which was previously denied. (Dkt. 28.) Moreover, the failure to exhaust is an

affirmative defense that must be raised and established by the defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007). As mentioned, the MDOC Defendants have raised this affirmative defense in pending motions for summary judgment. If, for some reason, the MDOC Defendants are not dismissed pursuant to the above discussion, Plaintiff will have an opportunity to raise his exhaustion arguments in response to the motions for summary judgment. Lastly, to the extent Plaintiff is claiming that undisputed facts entitle him to judgment as a matter of law, he must make such arguments via a properly supported Federal Rule of Civil Procedure 56 motion. Plaintiff's "motion for solidification," even considering his *pro se* status, is not an acceptable alternative.

## IV.     MOTION TO DEPOSE PLAINTIFF

Defendant Scott Campau seeks leave to depose Plaintiff "to test and determine the factual basis underlying Plaintiff's claims in this action." (Dkt. 21 at 4.) More specifically, he seeks discovery on Plaintiff's allegations that while Plaintiff was detained in the Macomb County Jail, certain prison officials failed to protect him from other prisoners who harassed him and adulterated his food. (*Id.*) Campau also seeks to depose Plaintiff to assist in responding to Plaintiff's motion for summary judgment.

Where, as here, the "deponent is confined in prison," the party seeking to take the deposition must first obtain leave of the court. Fed. R. Civ. P. 30(a)(2)(B). The discovery Defendant is seeking falls within the scope of Federal Rule of Civil Procedure 26(b). The Court, however, is still attempting to serve the other two Macomb County jail officials and would prefer to have Plaintiff deposed only one time. Thus, in the interests of efficiency and economy, Defendant should refrain from scheduling the Plaintiff's deposition for at least 60-days following the entry of this Order.

## V.     CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that Plaintiff's Motion to Sever, to the extent it seeks to voluntarily dismiss all federal claims against MDOC Defendants Mote, Niemiec, Bennickson, Gilbert, Wise, Perez, Angel, Wall, Striat, Malcom, Gibson, and Maynard, be GRANTED. The Court further recommends that any remaining state law claims against these Defendants also be DISMISSED WITHOUT PREJUDICE. Because this results in dismissal of the MDOC Defendants, the Court further RECOMMENDS that the MDOC Defendants' Motions for Summary Judgment (Dkts. 35, 39) be DISMISSED AS MOOT.[3]

It is also ORDERED that Plaintiff's Motion for Solidification and Admission of Exhibits (Dkt. 23) is DENIED, and Defendant Campau's Motion for Leave to Depose Plaintiff (Dkt. 21) is GRANTED, but Campau should not schedule Plaintiff's deposition for 60 days.

## VI. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation and Order within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through

---

[3] Plaintiff's Motion to Sever suggests that he intends to pursue this federal lawsuit only against Defendants Campau, Klien, and Louis. The Court recognizes that MDOC Defendant Warr has yet to be served as he is apparently on medical leave. (March 24, 2013 Docket Entry.) If Plaintiff intends to dismiss him as well, he should file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a).

the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4). Regarding this Court's Order on Plaintiff's Motion for Solidification and Defendant's Motion for Leave to Depose Plaintiff, the attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days from the date of receipt of a copy of this order to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

        s/Laurie J. Michelson
        LAURIE J. MICHELSON
        UNITED STATES MAGISTRATE JUDGE

Dated: June 18, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 18, 2013.

        s/Jane Johnson
        Deputy Clerk