**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KYLE RICHARDS,

Plaintiff,

v.

KEN MCKEE, et al.,

Defendants.

______________________________________/

Case No.: 12-cv-14148

Honorable Sean F. Cox
District Court Judge

Laurie J. Michelson
Magistrate Judge

**OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Kyle Richards' ("Richards") Objection to Magistrate Judge Laurie J. Michelson's Report and Recommendation, in this § 1983 action. The court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs. For the reasons that follow, the Court shall **ACCEPT and ADOPT** Magistrate Judge Michelson's Report and Recommendation [Docket Entry No. 40].

**BACKGROUND**

On September 19, 2012, Richards, a Michigan state prisoner, filed a Complaint against fifty (50) defendants alleging, among other things, a § 1983 action for violations of his First and Eighth Amendment rights, as well as various state laws claims. (Docket Entry No. 1.) Following the initial screening of Richards' Complaint pursuant to the Prison Litigation Reform Act, what remains are

Richards' contentions that various correction officers at the Bellamy Creek Correctional Facility are depriving him of his Eighth Amendment right to be free from cruel and unusual punishment by means of starvation, and several Macomb County Jail officers retaliated against him in violation of his First Amendment rights. (Docket Entry Nos. 13, 40, at 1.)

Several motions have been filed by the parties that are currently pending before the Court. Defendant Scott Campau, a Macomb County Correctional Deputy, seeks leave to take Richards' deposition. (Docket Entry No. 21.) Various Michigan Department of Correction officers filed motions for summary judgment based on Richards' alleged failure to exhaust his administrative remedies. (Docket Entry Nos. 35, 39.) Richards filed a "Motion for Solidification and Admission of Exhibits," requesting that this Court make a preliminary finding that he was "obstructed and wrongly prevented from exhausting the grievance process" and that he is "under the imminent threat of serious physical harm due to starvation . . . ." (Docket Entry No. 23, at 1.) Richards also filed a "Motion to Sever and Transfer to Ionia County District Court and Notice of Deviation," which makes the following request:

> The Plaintiff hereby 'drops' all federal claims . . . (claims arising out of federal law) . . . against the following Defendants:
>
> 1) Robert Mote, 2) Jerud Niemiec,
> 3) Matthew Bennickson, 4) Scott Gilbert,
> 5) Donald Wise, 6) Veronica Perez,
> 7) Bryce Angel, 8) Ronald Walls,
> 9) Lewis Malcolm, 10) Brian Gibson,
> 11) Patrick Maynard.
>
> However, 'state law' claims in this lawsuit, remain active . . . .
>
> When matters of federal law are the primary issue of focus, additional state law claims may hold 'supplemental' value.
>
> Since all matters of federal law have been dismissed, the remaining state law claims have become primary.
>
> The Court no longer has jurisdiction over Plaintiffs[sic] claims against the above MDOC Defendants.
>
> The proper action would be for the Court to transfer the remaining claims, to

> the appropriate venue and jurisdiction:
>
> 1) which is Ionia County District Court, in Ionia, Michigan.
>
> Request to sever:
>
> Upon transfer of MDOC Defendants, to Ionia County, their case will automatically be severed from the Defendants remaining in federal court, Scott Campau, Officer Klien, CO Lois.
>
> The remaining 3 Defendants in federal court are still being sued under the 8th and 14th Amendment.

(Docket Entry No. 37, at 1–2.)

This Court referred those motions to Magistrate Judge Michelson for a report and recommendation. (Docket Entry No. 14.) On June 18, 2013, Magistrate Judge Michelson filed her Report and Recommendation, recommending that "Plaintiff's Motion to Sever, to the extent it seeks to voluntarily dismiss all federal claims against MDOC Defendants Mote, Niemiec, Bennickson, Gilbert, Wise, Perez, Angel, Wall, Striat, Malcom, Gibson, and Maynard, [should] be GRANTED. [Magistrate Judge Michelson] . . . further recommends that any remaining state law claims against these Defendants [should] also be DISMISSED WITHOUT PREJUDICE. Because this results in dismissal of the MDOC Defendants, [Magistrate Judge Michelson] . . . further RECOMMENDS that the MDOC Defendants' Motions for Summary Judgment (Dkts. 35, 39) be DISMISSED AS MOOT." (Docket Entry No. 40, at 8.)

In addition, Magistrate Judge Michelson "ORDERED that Plaintiff's Motion for Solidification and Admission of Exhibits (Dkt. 23) is DENIED, and Defendant Campau's Motion for Leave to Depose Plaintiff (Dkt. 21) is GRANTED, but Campau should not schedule Plaintiff's deposition for 60 days." (*Id.*)

**STANDARD OF REVIEW**

This Court has jurisdiction to review Magistrate Judge Michelson's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). This Court may accept, reject or modify, in whole or

in part, the recommendations made by Magistrate Judge Michelson. (*Id*.) However, the matters as to which objections are made must be reviewed *de novo*. *See id.*; *see also Jones v. Stine*, 843 F.Supp. 1186, 1189 (W.D. Mich. Feb. 10, 1994).

**ANALYSIS**

Richards' Objection to the Report and Recommendation requests that this Court allow him to withdraw his motion to sever. (Docket Entry No. 42.) He contends that Magistrate Judge Michelson mistakenly interpreted his motion to sever as a "voluntary dismissal" motion. (*Id*. at 1.) Richards also contends that the Report and Recommendation illustrates "a strong hint of bias and a history of undue favor shown towards the attorney general." (*Id*. at 2.)

The Report and Recommendation, recommends precisely what Richards' motion requested. Richards does not provide any argument suggesting otherwise. Richards' allegations of bias relies on Magistrate Judge Michelson's alleged failure to recommend that this Court grant any of his motions or requested injunctions "despite urgent need." (*Id*.) The mere fact that a court has not granted any motions or injunctions in one's favor does not imply strong bias. *See Amadasu v. Mercy Franciscan Hosp*., 515 F.3d 528, 530 (6th. Cir. 2008) (stating that a judicial bias assertion is improper when based on dissatisfaction with court rulings).

**CONCLUSION AND ORDER**

**IT IS ORDERED** that the Court **ADOPTS AND ACCEPTS** Magistrate Judge Michelson's

Report and Recommendation [Docket Entry No. 40].

**IT IS SO ORDERED**.

Dated: August 5, 2013

S/ Sean F. Cox
Sean F. Cox
U. S. District Court Judge

I hereby certify that on August 5, 2013, the foregoing document was served upon counsel of record by electronic means and upon Kyle Richards by First Class Mail at the address below:

Kyle Richards
641715
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846

Dated: August 5, 2013

S/ J. McCoy
Case Manager