UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE B. RICHARDS,

    Plaintiff,                                Case Number: 12 – 14148

v.                                         Honorable Sean F. Cox
                                              Mag. Judge Laurie J. Michelson

KEN MCKEE, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION TO DISMISS AS MOOT PLAINTIFF'S SECOND
MOTION FOR WAIVER OF ADMINISTRATIVE EXHAUSTION [43]**

**I.    REPORT**

        Plaintiff Kyle B. Richards, a Michigan state prisoner presently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, brought this lawsuit against 50 defendants alleging violations of 42 U.S.C. § 1983 and state law.  (Dkt. 1, Compl.)  Following the initial screening of Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), numerous defendants and causes of action were dismissed.  (Dkt. 13.)  Only two claims remain. First, Plaintiff claims that several Bellamy corrections officers (MDOC Defendants Mote, Niemiec, Bennickson, Gilbert, Wise, Perez, Angel, Wall, Warr, Striat, Malcom, Gibson, and Maynard) are depriving him of food to the point that he is in danger of starvation in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Second, as a result of Plaintiff's past altercations with certain police officers, several Macomb County Jail officers (Defendants Capau, Louis, and Klien) retaliated against him in violation of his First Amendment rights.  (*Id*.; Compl. at Pg ID 9, 12-16.)

        Early in the litigation, Plaintiff brought a motion for preliminary injunction seeking to be excused from exhausting his administrative remedies under the PLRA with respect to his claims of

starvation. (Dkt. 16.) The request was denied as premature (among other reasons) because the MDOC Defendants had not yet appeared and thus, it was unclear whether they would assert exhaustion as an affirmative defense. (Dkts. 18, 28.) After being served, the MDOC Defendants filed motions for summary judgment on the issue of Plaintiff's failure to exhaust. (Dkts. 35, 39.) As a result, Plaintiff filed a second motion for waiver of, or exemption from, administrative exhaustion. (Dkt. 43.) In his motion, "Plaintiff claims MDOC prison authorities wrongly prevented Plaintiff from being able to exhaust administrative remedies because Sgt. Bennickson and Officers Hicock, Frieburger, Warr and Sira, were refusing to provide Plaintiff with grievance forms and frequently destroying Plaintiff's legal materials during cell raids." (Dkt. 43, Mot. for Waiver at 2.) According to Plaintiff, MDOC Defendant Mote also prevented Plaintiff from filing a grievance form. (*Id.*)

Recently, however, the MDOC Defendants were dismissed from the case, resulting in the dismissal of their motions for summary judgment as well. (Dkt. 46.) All that remain are the claims against the Macomb County Jail Defendants and Plaintiff's waiver of exhaustion arguments do not apply to those claims.

## II.     RECOMMENDATION

Accordingly, the Court RECOMMENDS that Plaintiff's Motion for Waiver of Administrative Exhaustion/Exemption from Exhaustion (Dkt. 43) be DISMISSED AS MOOT.

### III. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

Regarding this Court's Order on Plaintiff's Motion for Immediate Service and Request for Evidentiary Hearing, the attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days from the date of receipt of a copy of this order to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

                                                        s/Laurie J. Michelson
                                                        LAURIE J. MICHELSON
                                                        UNITED STATES MAGISTRATE JUDGE

Dated: August 19, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 19, 2013.

                                        s/Jane Johnson
                                        Deputy Clerk