UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE B. RICHARDS,

    Plaintiff,                         Case Number: 12-14148

v.                                       Honorable Sean F. Cox
                                           Mag. Judge Laurie J. Michelson

KEN MCKEE, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY DEFENDANT CAMPAU'S MOTION
TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS [56]**

I.

Plaintiff Kyle B. Richards, a Michigan state prisoner presently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, brought this lawsuit against 50 defendants alleging violations of 42 U.S.C. § 1983 and state law. (Dkt. 1, Compl.) All that now remains are the claims against the Macomb County Jail Defendants: Scott Campau, Louis, and Klien. All pretrial matters have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 14.) Currently before the Court is Campau's Motion to Revoke Plaintiff's *In Forma Pauperis* status on the grounds that Plaintiff has had more than three prior civil actions dismissed as being without merit and failed to satisfy the imminent danger exception. (Dkt. 56, Mot. to Revoke.)

Defendant's motion is perplexing. In it, he cites District Judge Sean F. Cox's opinion granting Plaintiff's application to proceed *in forma pauperis*. (*Id*. at 8, citing Dkt. 12.) But he then completely disregards Judge Cox's ruling. After analyzing Plaintiff's litigation history, Judge Cox expressly found:

> Plaintiff is a "three-striker" who cannot proceed without prepayment

> of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff alleges that he is under imminent danger because prison authorities are starving him. He claims that his meal tray is delivered to him with little to no food on it, and he is beginning to suffer physical symptoms from the lack of food including lethargy, weakness, and vomiting. These claims are sufficient to allege that Plaintiff is at imminent risk of malnourishment and starvation. The Court will grant Plaintiff leave to proceed in forma pauperis. <u>Although many of Plaintiff's claims are unrelated to the imminent danger issue, the Court grants in forma pauperis with respect to the complaint, rather than to specific claims</u>. See *Andrews v. Cervantes*, 493 F.3d 1047, 1053-54 (9th Cir. 2007) ("We further conclude . . . that once a prisoner satisfies the exception to the three-strikes rule and otherwise qualifies for IFP status, the district court must docket the entire complaint and resolve all of its claims, without requiring the upfront payment of the filing fee."); *Chavis v. Chappius*, 618 F.3d 162, 171-172 (2d Cir. 2010) ("[A] plaintiff filing IFP on the basis of the imminent danger exception can proceed with all claims in her complaint."); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (holding that imminent danger analysis is separate from the "screening" analysis under § 1915A(b)(1)).

(Dkt. 12, Dec. 10, 2012 Order at 3-4) (emphasis added).

This is not a case where a *pro se* prisoner was granted *in forma pauperis* status without the court considering the requirements of 28 U.S.C. §1915(g). To the contrary, Judge Cox has clearly ruled on the issues raised in Defendant's motion. Accordingly, this Court **RECOMMENDS** that Defendant Campau's Motion to Revoke Plaintiff's *In Forma Pauperis* Status be **DENIED AS MOOT**.

II.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States*

*v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                                s/Laurie J. Michelson  
                                                LAURIE J. MICHELSON  
                                                UNITED STATES MAGISTRATE JUDGE

Dated: December 12, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 12, 2013.

                                                s/Jane Johnson  
                                                Deputy Clerk