UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE B. RICHARDS,

       Plaintiff,                               Case Number: 12-14148

v.                                         Honorable Sean F. Cox
                                            Magistrate Judge Laurie J. Michelson

KEN MCKEE, *et al.*,

       Defendants.

_____/

**REPORT AND RECOMMENDATION TO DISMISS
DEFENDANTS LOUIS AND KLIEN FOR FAILURE TO SERVE AND
ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME [67]**

Plaintiff Kyle B. Richards, a Michigan state prisoner presently incarcerated at the Bellamy

Creek Correctional Facility in Ionia, Michigan, brought this lawsuit against 50 defendants alleging

violations of 42 U.S.C. § 1983 and state law. (Dkt. 1, Compl.) All that now remains are the claims

against Scott Campau, Louis, and Klien. (Dkt. 13; Dkt. 46.) All pretrial matters have been referred

to this Court pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 14.)

The Federal Rules provide that where, as here, a plaintiff proceeds in forma pauperis, "the

U.S. Marshal, upon order of the Court, shall serve the summons and the complaint upon each

defendant." *Kaufman v. Corizon Health, Inc.*, No. 12-10162, 2012 WL 5830229, at *1 (E.D. Mich.

Oct. 31, 2012), *report and recommendation adopted*, 2012 WL 5830298 (E.D. Mich. Nov. 16, 2012)

(citing Fed. R. Civ. P. 4(c)(3)). The complaint identified Defendants Louis and Klien as Macomb

County Jail Officers, and provided the address of Macomb County Jail (43565 Elizabeth Rd, Mount

Clemens, MI) as their address. (Compl. at 4.) Despite several attempts by the U.S. Marshal Service,

Defendants Louis and Klien could not be served because they are not employed at Macomb County

Jail. (March 15, 2013 Dkt. Entries.) The Court ordered Plaintiff to provide the Court with the correct

address of these defendants by August 19, 2013, "including, if necessary, conducting limited discovery to obtain this information." (Dkt. 41.)

Upon receiving this order, Plaintiff "made telephone contact with a Sarg. LaDuke of the Macomb County Jail who stated to [Plaintiff] that the jail does know where the defendants are located, but won't disclose their whereabouts to Plaintiff due to security reasons." (Dkt. 50, Mot. to Compel, at 1.) Plaintiff filed a motion to compel the Macomb County Jail "to provide the Court and U.S. Marshal the full address of both officers." *Id*. But Macomb County Jail is not a party, and Plaintiff had not issued a subpoena. The Court denied the motion as procedurally improper. (Dkt. 53.) The Court gave Plaintiff an additional 45 days, until November 11, 2013, to provide the Court with correct addresses for service of the remaining Defendants, and warned that failure to do so may result in these parties being dismissed. (*Id.*)

Plaintiff then mailed a subpoena issued on October 1, 2013, by this Court to Mark Hackel, Macomb County Executive, seeking the current work or home address and full name of Officers Louis and Klien. (Dkt. 57, Mot. to Compel Ex. A.) Hackel objected, stating: "The current work or home address, and for that matter, the actual identity of the individuals identified by Plaintiff as Louis and Klien, are unknown to Defendant Campau, the Sheriff s Office, Hackel, or the undersigned [counsel for Hackel] as neither individual is, or was at the pertinent times, employed by the Sheriffs Office; consequently, Hackel is without information satisfying the request embraced in Plaintiff s subpoena." (Mot. Ex. B at ¶ 11.) Plaintiff filed a new motion to compel Hackel to comply with the subpoena. (Dkt. 57.) The Court denied the motion, finding that Hackel had complied with the subpoena by providing all information in his possession, custody, or control regarding Defendants Louis and Klien. (Dkt. 65.)

2

Plaintiffs' time to provide updated addresses for Defendants Louis and Klien has now expired, and no addresses have been provided. *See Kaufman*, 2012 WL 5830229, at *1 ("Once a plaintiff has been notified that all attempts at service have been unsuccessful and the plaintiff does not present a new or updated address, '[n]either his pro se status nor his incarceration constitute good cause for the lack of service.'" (quoting *Davis v. Macconnell*, No. 3:11cv00090, 2011 WL 5326256, at *3 (S.D. Ohio Sept. 16, 2011))), *report and recommendation adopted*, 2012 WL 5830298. Accordingly, the Court **RECOMMENDS** that Defendants LOUIS and KLIEN be **DISMISSED WITHOUT PREJUDICE**.

Plaintiff recently filed a Motion for Extension of Time to File a Response to Document 63, stating that due to an "ongoing problem with sorting prisoner mail at IBC facility," he has not received a copy of Document 63, and therefore requests a 30-day extension of time to respond to it. (Dkt. 67.) But Document 63 is Plaintiff's own supplemental brief in response to Defendant Campau's Motion to Revoke Plaintiff's In Forma Pauperis Status. Defendant has not filed anything to which Plaintiff must respond. Accordingly, Plaintiff's Motion for Extension of Time to File a Response to Document 63 is **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal

3

quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case

Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies,

through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon

this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an

objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be

filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4). Regarding the

Court's Order on Plaintiff's Motion for Extension of Time to File a Response to Document 63, the

attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days

from the date of receipt of a copy of this order to file objections for consideration by the district

judge under 28 U.S.C. § 636(b)(1).


Dated: January 24, 2014                          s/Laurie J. Michelson
                                                 Laurie J. Michelson
                                                 United States Magistrate Judge

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon the parties and/or counsel of record via the Court's ECF System and/or U. S. Mail on January 24, 2014.

                                                 s/Jane Johnson
                                                 Case Manager to
                                                 Magistrate Judge Laurie J. Michelson