UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KYLE B. RICHARDS,

     Plaintiff,                                 Case No. 12-14148

     v.                                    Hon. Sean F. Cox
                                          Mag. Judge Laurie J. Michelson

KEN McKEE, *et al.*,

     Defendants.

_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S SECOND
MOTION FOR SUMMARY JUDGMENT [54], ORDER DENYING PLAINTIFF'S
MOTION FOR TIME EXTENSION [72], AND SCHEDULING ORDER**

     Plaintiff Kyle B. Richards, a Michigan state prisoner presently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, brought this lawsuit against 50 defendants alleging violations of 42 U.S.C. § 1983 and state law. (Dkt. 1, Compl.) All that now remains are the claims against the Macomb County Jail Defendants: Scott Campau,[1] Louis, and Klien.[2] All pretrial matters have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 14.) Currently before the Court for report and recommendation is Plaintiff's Second Motion for Summary Judgment. (Dkt. 54.) For the following reasons, the Court RECOMMENDS that the motion be DENIED. In addition, the Court ORDERS that Plaintiff's Motion for Time Extension (Dkt. 72) is DENIED.

**I. REPORT**

     The facts and allegations underlying Plaintiff's claims are set forth in the previous Report and Recommendation to Deny Plaintiff's Motion for Summary Judgment (Dkt. 48) and will not

---

1      Scott Campau is incorrectly named in the Complaint and Motion as "Capau."
2      A report and recommendation to dismiss Defendants Louis and Klien for failure to serve is currently pending. (Dkt. 68.)

be repeated here. In that report and recommendation, which was adopted (Dkt. 55), the Court found that Plaintiff's motion was premature because discovery was ongoing. In the present motion, Plaintiff argues that summary judgment is now timely because "according to the courts: 'standard case management order', all discovery must be completed 120 days after first defendant has entered appearance." (Mot. at 1.) Therefore, according to Richards, "it has been over 220 days far past the close of discovery, or statutory limits governing discovery" and "discovery expired in July." (Mot. at 2.)

No case management order has been entered in this case. The "standard case management order" to which Plaintiff refers does not govern this case. And the Court is not aware of any "statutory limits governing discovery" that require that discovery be closed within a certain amount of time.

The Court granted Campau's motion for leave to take Plaintiff's deposition in June, but ordered that Campau wait at least 60 days so that the remaining defendants could be served. (Dkt. 40.) Defendants Louis and Klien have still not been served, and so far as the Court knows Plaintiff's deposition has not yet been taken. In response to Plaintiff's previous motion for summary judgment, Campau submitted an affidavit describing with specificity the discovery that he needed in order to defend against Plaintiff's claims. (Dkt. 31-2.) Federal Rule of Civil Procedure 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Plaintiff does not argue that Campau has

2

had an opportunity to obtain the discovery he needed. Summary judgment should "be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986); *see also White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994) (holding summary judgment is improper if the non-movant is given an insufficient opportunity for discovery).

## II. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that Plaintiff's Second Motion for Summary Judgment (Dkt. 54) be DENIED.

## III. ORDER DENYING PLAINTIFF'S MOTION FOR TIME EXTENSION [72]

Plaintiff has also filed a motion asking the Court to grant him a 30-day extension of time to respond to any motions brought against him because of problems with mail delivery at the correctional facility where he is housed. (Dkt. 72.) As Campau points out in his response, he has not filed anything to which Plaintiff must respond. (Dkt. 75.) Accordingly, Plaintiff's Motion for Time Extension (Dkt. 72) is DENIED as moot.

## IV. SCHEDULING ORDER

It is hereby ORDERED that discovery shall be completed on or before **May 12, 2014.** All dispositive motions and briefs in support thereof must be filed by **June 12**, **2014**. Responses to any dispositive motions are due thirty days after the date of filing.

## V. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596–97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

As to the Court's Order on Plaintiff's Motion for Time Extension and Scheduling Order, the attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days from the date of receipt of a copy of this order to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated:  March 7, 2014

4

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 7, 2014.

s/J. Johnson
Deputy Clerk

5