UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kyle B. Richards,

    Plaintiff,

v.                                        Case No. 12-14148

Ken McKee, et. al.,              Honorable Sean F. Cox
                                          Magistrate Judge Laurie J. Michelson

    Defendants.
_____/

## ORDER
## ACCEPTING AND ADOPTING REPORT & RECOMMENDATION

On September 19, 2012, Plaintiff brought this action against nearly fifty defendants, including Macomb County Jail officials and personnel, alleging violations of 42 U.S.C. section 1983 and state law. (Doc. #1). All pretrial matters have been referred to Magistrate Judge Laurie J. Michelson pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #14).

Officers Louis and Klien are two named Defendants in Plaintiff's Complaint. Plaintiff claims Officers Louis and Klien are or were employed by Macomb County Jail. (Compl. at 4). Plaintiff provided Macomb County Jail's address in Mount Clemens, Michigan as the address where they could be served. (Compl. at 4). However, after repeated attempts by the U.S. Marshals to serve Officers Louis and Klien, it was discovered that they are not employed at Macomb County Jail. (Mar. 15, 2013 Doc. Entries).

Magistrate Judge Michelson ordered Plaintiff to provide the correct address for Louis and Klien so that they may be served, and permitted Plaintiff to, if necessary, conduct limited discovery to obtain the addresses of Louis and Klien. (Doc. #41).

1

Plaintiff filed a Motion to Compel Macomb County Jail to provide the addresses of Louis and Klien, but Magistrate Judge Michelson denied the motion because Macomb County Jail is not a party to the litigation and no subpoena has issued. (Docs. #50 and #53).

Thereafter, Plaintiff served a third-party subpoena on Macomb County Executive Mark Hackel, requesting that he provide the addresses of Louis and Klien. Hackel objected, stating that the information was unknown to Hackel as neither Louis or Klien were ever employed by Macomb County Sheriff's Office. (Pl. Mo. To Compel, Doc. #57 at Ex. B). Plaintiff filed a Motion to Compel Mark Hackel to comply with the subpoena, but the Court denied the motion based on its finding that Hackel had supplied all information available to him in compliance with the subpoena. (Doc. #65). To date, Defendant's Louis and Klien have not been served with a summons and a copy of the complaint in this action.

In a Report and Recommendation ("R&R") issued on January 24, 2014, Magistrate Judge Michelson recommended that this Court dismiss Defendants Louis and Klien without prejudice, as they have not been served and the time for Plaintiff to provide their correct addresses has expired. (Jan. 24, 2014 R&R at 1-3). Magistrate Judge Michelson also recommended that Plaintiff's Motion for Extension of Time to File a Response to Docket Entry 63 be dismissed as moot, because there is nothing on the docket to which Plaintiff must respond at this time. (Jan. 24, 2014 R&R at 3). Indeed, Docket Entry 63 is Plaintiff's own filing. (Pl.'s Supp. Br., Doc. #63).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate

judge's disposition to which specific written objection has been made." *Id*.

Plaintiff timely filed objections to the January 24, 2014 R&R. (Doc. #70). In his objections, Plaintiff argues that Louis and Klien were employees of Macomb County Jail and that these Defendants are simply evading service.

These objections are without merit and, in any event, irrelevant to the issue at bar. Federal Rule of Civil Procedure 4 requires Plaintiff to serve Defendants Louis and Klien within 120 days after Plaintiff filed the Complaint, unless good cause for any delay is shown. Fed. R. Civ. P. 4(c), 4(m). Plaintiff has failed to timely serve Defendants and "neither his pro se status nor his incarceration constitute good cause for the lack of service." *Davis v. Macconnell*, 2011 WL 5326256 at *3 (S.D. Ohio Sept. 16, 2011), *adopted*, 2012 WL 5830298. Therefore, this Court OVERRULES Plaintiff's objection and DISMISSES WITHOUT PREJUDICE Defendants Louis and Klien.

## CONCLUSION & ORDER

For the reasons set forth above, the Court hereby ACCEPTS AND ADOPTS Magistrate Judge Michelson's January 24, 2014 Report and Recommendation (Doc. #68). The Court hereby ORDERS:

1) All Claims against Defendants Louis and Klien are DISMISSED WITHOUT PREJUDICE;

2) Plaintiff's Motion for Reconsideration (Doc. #69) is DENIED;

3) Plaintiff's Motion for Extension of Time to File A Response to Docket Entry #63 is DENIED AS MOOT.

**IT IS SO ORDERED.**

                                              S/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: March 11, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kyle B. Richards,

    Plaintiff,

v.                                          Case No. 12-14148

Ken McKee, et. al.,                  Honorable Sean F. Cox
                                                         Magistrate Judge Laurie J. Michelson

    Defendants.
_____/

PROOF OF SERVICE

I hereby certify that on March 11, 2014, the foregoing Order was served upon counsel of record by electronic means and upon Kyle B. Richards by First Class Mail at the address below:

Kyle Richards
641715
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846

Dated: March 11, 2014                            S/ J. McCoy
                                                             Case Manager