UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE RICHARDS,

                **Plaintiff,**             **CIVIL ACTION NO. 12-cv-14148**

        **v.**                  **DISTRICT JUDGE SEAN F. COX**

**KEN MCKEE, et al.,**           **MAGISTRATE JUDGE MONA K. MAJZOUB**

               **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Kyle Richards, currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed this *pro se* civil rights action on September 19, 2012, against fifty Defendants alleging violations of 42 U.S.C. § 1983 and state law. (Docket no. 1.) All that remain are Plaintiff's claims against Defendant Scott Campau, a Correctional Deputy at the Macomb County Jail, and Defendant Warr, presumably an officer at the Bellamy Creek Correctional Facility.[1] Before the Court is Plaintiff's Motion for Summary Judgment. (Docket no. 80.) Defendant Campau filed a Response to Plaintiff's Motion. (Docket no. 81.) This action has been referred to the undersigned for all pretrial purposes. (Docket no. 78.) The undersigned dispenses with oral argument on the motion pursuant to Eastern District of Michigan Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. RECOMMENDATION

_____

[1]Defendant Warr has not yet been served, as previous attempts to serve Defendant Warr at the Bellamy Creek Correctional Facility were unsuccessful. (*See* docket nos. 44 and 58.) On January 12, 2015, the U.S. Marshal Service received documents from the Court to serve Defendant Warr at his home address. (Docket no. 85.)

For the reasons that follow, the undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 80) be **DENIED**.

## II.   REPORT

### A.   Background

Magistrate Judge Michelson summarized the facts of this matter and Plaintiff's allegations when she addressed Plaintiff's first Motion for Summary Judgment:

> Plaintiff was arrested for bank robbery on January 7, 2011. (Compl. at Pg ID 20.) He was incarcerated at Macomb County Jail ("MCJ") from January 2011 to August 2011, when he was transferred to prison. (Compl. at Pg ID 13.) Defendant Campau was a correctional deputy at MCJ. (Compl. at Pg ID 4; Campau Aff. at ¶ 1.) These facts do not appear to be in dispute.

> Plaintiff alleges that "Officer Campau ... frequently worked" in Plaintiff's unit. (Compl. at Pg ID 14.) It is not clear whether Campau disputes this.

> The following allegations are disputed.

> Plaintiff alleges that "already having a poor reputation with police, [he] had incurred mistreatment as soon as [he] arrived" at MCJ. (Compl. at Pg ID 13.) Plaintiff says that Campau and other officers "began encouraging other inmates to har[]ass [him] into giving an open confession to a past bank robbery [he] was charged with." (Dkt. 20, Richards Decl. at Pg ID 131.) He alleges that he continued to endure harassment and ill treatment by inmates throughout his eight months at MCJ. (*Id*. at Pg ID 13.) According to Plaintiff, "[o]ther inmates in Macomb County Jail were verbally and psychologically harassing" him, and "[e]ncouraged by Officers, inmates were even spitting and urinating in [his] food." (*Id*. at Pg ID 14.)

> More specifically, Plaintiff alleges that inmates Eric Schaner and Frank Richardson "were on many occasions, in plain sight, spitting and urinating in the plaintiffs meal tray." (Dkt. 26, Richards Decl. at Pg ID 161; *see also* Dkt. 20, Richards Decl. at Pg ID 131.) He alleges that this occurred "every day" between January and August 2011. (*Id*.) Inmate Anthony avers that he resided in the cell next to Richards' from February to August 2011, and witnessed other prisoners spitting and urinating in Richards' meal trays. (Anthony Decl. at Pg ID 165.)

> Other inmates were also stealing food off his tray before delivering it, according to Plaintiff. (Dkt. 20, Richards Decl. at Pg ID 131.) This occurred "for nearly the entire year," including specifically on May 1, 6, and 9, 2011, and July 2 and 18, 2011. (*Id*.)

Plaintiff alleges that he raised the issue of inmates spiting and urinating in his meal trays with Campau on February 16 and 20, 2011, and on March 8, 2011. (Dkt. 26, Richards Decl. at Pg ID 162.) He says he told Campau "what was happening," and Campau "stated 'I do not want to get involved.'" (*Id*. at Pg ID 161.) Plaintiff further alleges that Campau "thought the issue was funny." (*Id*. at Pg ID 161.) On March 8, according to Plaintiff, Campau "responded sarcastically stating; 'spit[is] good for you', and; 'spit has prot[ei]n'." (*Id*.) According to inmate Anthony, on February 16 and 20, 2011, and March 8, 2011, Campau and another officer entered the unit "laughing at Richards, saying; 'how does spit taste', 'spit and piss have prot[ei]n' and other derogatory comments." (Anthony Decl. at Pg ID 165.) On March 14, 2011, Plaintiff says that Campau "began making jokes, such as; 'How does piss taste?'" (Dkt. 26, Richards Decl. at Pg ID 162.) Inmate Smith, who says he was in another cell in Richards' unit, declares that "for about 3 months straight, inmates, in jail, were spitting and pissing in Richards['] food," and he heard Campau say "'how does piss taste'" to Richards. (Smith Decl. at Pg ID 167.)

According to Plaintiff, Campau "made a strenuous effort to provoke and antagonize inmates into harassing the Plaintiff" throughout the Plaintiff's time at MCJ. (Dkt. 26, Richards Decl. at Pg ID 162.) Plaintiff says that on April 2, 2011, Campau "passed a tray around the entire unit," to four inmates including Schaner, "having them spit and urinate on the tray," and "then delivered the same tray to Plaintiff[']s cell." (*Id*.) Anthony also says that on April 2, 2011, he saw Campau "pass a tray around to other inmates who spit and urinated on the tray," and Campau "then delivered the tray to Richards." (Anthony Decl. at Pg ID 165–66.)

Plaintiff alleges that on May 9, 2011, he "requested to see a nurse due to stomach pains, and was denied." (Dkt. 20, Richards Decl. at Pg ID 131.)

On June 1, 2011, Plaintiff says Campau "refused to call a nurse" and "the plaintiff was left in his cell for 3 days with his vomit" when he became ill "after consuming contaminate[d] food with spit and urine." (Dkt. 26, Richards Decl. at Pg ID 162.) Anthony similarly declares that on June 1, 2011, after "Richards vomited 3 times after consuming food contaminated with spit and urine," Campau and another officer "left Richards in his cell for 3 days without medical attention." (Anthony Decl. at Pg ID 166.)

On July 3 and 4, 2011, Plaintiff says that Campau stood by laughing "while other inmates began assaulting Plaintiff with spit and urine, through the door slot" of his cell. (Dkt. 26, Richards Decl. at Pg ID 162.) Anthony says that on July 4, 2011, Campau entered the unit with another officer and "began laughing as other inmates began assaulting Richards with spit and urine." (Anthony Decl. at Pg ID 166.) And Smith declares that on July 4, 2011, he witnessed Campau and another officer enter the unit and "laugh at Richards, while inmate Richardson [] spit on Richards." (Smith

-3-

Decl. at Pg ID 167.)

Plaintiff also says he "specifically told Officer Ca[m]pau, that inmates smoking on
the unit (crack and marijuana), was making me ill, and he told me; 'talk to other
inmates on the unit, not us.'" (Compl. at Pg ID 15.)

Plaintiff alleges that Campau, among other defendants, "had a sincere
respons[i]bility and duty to the plaintiff, and either neglected or abused [his]
authority, causing the plaintiff to incur[] harm, starvation, and even torture." (Compl.
at Pg ID 24.) Plaintiff states that Campau and other officers "'knew' of the
conditions Plaintiff suffered, and neglected to correct these conditions," and that they
"encouraged, permitted, and participated in these assaults." (Dkt. 26, Richards Decl.
at Pg ID 164.)

Plaintiff alleges that he is a "'vulnerable adult' having been diagnosed with autism
in 2004." (Dkt. 26, Richards Decl. at Pg ID 164.) He alleges that "[t]he impact of this
cruelty has caused Plaintiff extensive psychological damage, including frequent
vom[]it[]ing and lethargy." (*Id*.) He alleges that he "was subject to verbal assault and
abuse, and suffered emotional, psychological, and physical injury." (Dkt. 20,
Richards Decl. at Pg ID 131.)

Campau states that the allegations in the complaint and in the declarations of
Plaintiff, Anthony, and Smith "are false" and he "neither knew of, nor encouraged
anyone to harass or mistreat Plaintiff Kyle Richards in the ways alleged, or in any
other way." (Campau Aff. at ¶ 6.)

(Docket no. 48 at 2-5.)  The Court denied Plaintiff's first and second Motions for Summary

Judgment as premature on the basis that discovery was still ongoing.  (*See* docket nos. 48, 55, 76,

and 79.)  Discovery closed on May 21, 2014.  (Docket no. 76.)  Plaintiff subsequently filed the

instant Motion for Summary Judgment on June 30, 2014 (docket no. 80), to which Defendant

Campau replied on July 14, 2014 (docket no. 81).

**B.    Governing Law**

Summary judgment is appropriate where the moving party shows that there is "no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).  The moving party has the burden of showing an absence of evidence to support the

-4-

non-moving party's case.  *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000).

Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial.  *Covington*, 205 F.3d at 915.  A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

**C.    Analysis**

Plaintiff contends that "now that time for discovery is over" summary judgment in his favor is appropriate because "[t]here is NO issue for trial."  (Docket no. 80 at 1, 4 (emphasis in original).)

Plaintiff asserts that "every single piece of evidence before the Court favors the Plaintiff," citing to his Complaint, his two declarations, and the declarations of inmates Nicholas Tyrone Anthony and Richard Smith.  (*Id.* at 1 (citing docket nos. 1, 20, and 26).)  Plaintiff further asserts that Defendant Campau has not met his burden because he has not offered a single piece of evidence on his own behalf in this matter besides a "very vague denial."  (*Id.* at 1, 3.)

In response to Plaintiff's Motion, Defendant Campau submitted an affidavit to the Court in which he categorically denies Plaintiff's allegations against him, *supra*.  In his affidavit, Defendant states:

> I have reviewed Plaintiff's sworn deposition testimony and am aware that he alleges I violated his rights by (1) being aware that other prisoners were spitting and urinating in his food and doing nothing to stop such behavior, and (2) by actively soliciting and instigating other prisoners to spit and urinate in his food.
>
> Plaintiff's claims are false in every manner.
>
> At no time did he report to me that other prisoners were spitting or urinating in his food.
>
> At no time did I tell Plaintiff that 'spit had protein' or 'spit was good for him.'
>
> At no time did I pass a food tray to other prisoners and encourage them to spit or urinate into it before passing it on to Plaintiff.
>
> At no time did I stand by laughing and doing nothing while other prisoners spit or urinated through the food slot in Plaintiff's cell door.
>
> Aside from learning of his false allegations in this lawsuit, I have no knowledge of anyone ever, under any circumstances, spitting or urinating in Plaintiff's food, or anyone else's food.

(Docket no. 81-3.)  Consequently, Defendant argues, there is a genuine issue of material fact regarding whether he acted unlawfully toward Plaintiff.  (Docket no. 81. at 3-4.)

The parties have set forth two conflicting, mutually exclusive sets of allegations regarding

-6-

Plaintiff's confinement at the Macomb County Jail.  Essentially, this case presents the proverbial "he said/he said" scenario -- a credibility issue that embodies the term "genuine issue of material fact." "[A]ssessing credibility is a matter for a jury; a court cannot make credibility determinations on summary judgment." *Ojemudia v. Rite Aid Servs., L.L.C.,* 540 F. Supp. 2d 855, 868 (E.D. Mich. 2008) (Rosen, J.) (citing *Anderson,* 477 U.S. at 255).  Thus, Plaintiff's Motion for Summary Judgment should be denied.

### D.    Conclusion

For the above-stated reasons,   the undersigned recommends that the Court **DENY** Plaintiff's Motion for Summary Judgment (docket no. 80).

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: January 15, 2015          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Kyle Richards and Counsel of Record on this date.

Dated: January 15, 2015           s/ Lisa C. Bartlett
                                  Case Manager

-8-