# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**KYLE RICHARDS,**

        **Plaintiff,**                          **CIVIL ACTION NO. 12-cv-14148**

        v.                                 **DISTRICT JUDGE SEAN F. COX**

**KEN MCKEE, et al.,**                    **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [87]

Plaintiff Kyle Richards, currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed this *pro se* civil rights action on September 19, 2012, against fifty Defendants alleging violations of 42 U.S.C. § 1983 and state law. (Docket no. 1.) All that remain are Plaintiff's claims against Defendant Scott Campau, a Correctional Deputy at the Macomb County Jail, and Defendant Warr, presumably an officer at the Bellamy Creek Correctional Facility.[1] Before the Court is Plaintiff's Motion for Appointment of Counsel, which he filed on January 23, 2015. (Docket no. 87.) Defendant Campau responded to Plaintiff's Motion. (Docket no. 88.) This action has been referred to the undersigned for all pretrial purposes. (Docket no. 78.) The pleadings have been reviewed, and the Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

---

[1] Defendant Warr has not yet been served, as previous attempts to serve Defendant Warr at the Bellamy Creek Correctional Facility were unsuccessful. (*See* docket nos. 44 and 58.) On January 12, 2015 and May 8, 2015, the U.S. Marshal Service received documents from the Court to serve Defendant Warr at his home address. (Docket nos. 85 and 91.)

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotation marks and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (quoting Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995) ("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'")).

Plaintiff asserts that he is not able to continue the prosecution of this case without counsel due to a drastic decline in his health, brain damage, and a severe impairment of his motor activity. (Docket no. 87 at 1.) Plaintiff claims that these ailments affect his speech and his memory. (*Id*. at 2.) Plaintiff also asserts that his vision is impaired; specifically, he claims that he is 85% blind, and, as a result, he cannot read or write, let alone conduct a jury trial. (*Id*. at 2-3.) He elaborates that his glasses were broken and confiscated during transport, and he was told that he is not eligible for a new pair of glasses until 2016. (*Id*.) Defendant Campau believes that Plaintiff's Motion is based on deceptive grounds in light of the quality of Plaintiff's handwriting and "carefully constructed and grammatically sound sentence and paragraph structure." (Docket no. 88 ¶¶ 6-7.) Defendant Campau further asserts that Plaintiff's instant Motion is consistent with Plaintiff's prior pleadings and filings in this matter in terms of neatness, preciseness, and clarity of thought. (*Id*. ¶ 6.)

The Court declines to exercise its discretion to appoint counsel to represent Plaintiff. Plaintiff has adequately alleged the claims forming the basis of this § 1983 lawsuit against Defendant Campau, indicating his basic understanding of the legal process. Additionally, the legal issues in this case are not so exceptionally complex as to warrant the appointment of counsel. Furthermore, as Defendant Campau points out, Plaintiff's pleadings and filings in this matter, including the instant Motion, have been both legible and coherent. Now, Plaintiff alleges that he needs the assistance of counsel because his ailments have affected his speech, memory, and ability to read and write. He claims that he cannot draft a motion by himself and that the instant motion was written with the help of "concerned peers." (Docket no. 87 at 3). Plaintiff's assertions seem disingenuous, however, as the instant Motion was drafted in the same handwriting, format, and writing style as all of Plaintiff's previous filings in this matter dating back to September of 2012. Moreover, the two medical records Plaintiff submitted with his Motion do not adequately support the claimed severity of his physical and mental condition. Accordingly, Plaintiff's Motion for Appointment of Counsel (docket no. 87) is DENIED.

    **IT IS SO ORDERED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: May 11, 2015        s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Order was served upon Kyle Richards and Counsel of Record on this date.

Dated: May 11, 2015             s/ Lisa C. Bartlett
                                         Case Manager