UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE RICHARDS,

       Plaintiff,                  CIVIL ACTION NO. 12-cv-14148

      v.                               DISTRICT JUDGE SEAN F. COX

KEN MCKEE, et al.,                MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Kyle Richards filed this *pro se* civil rights action against fifty defendants on September 19, 2012, alleging violations of 42 U.S.C. § 1983 and state law. (Docket no. 1.) All that remain are Plaintiff's claims against Defendant Scott Campau, a Correctional Deputy at the Macomb County Jail, and Defendant Harold Warr, presumably an officer at the Michigan Department of Correction's (MDOC's) Bellamy Creek Correctional Facility. Before the Court is Defendant Warr's Motion for Summary Judgment. (Docket no. 96.) Plaintiff has not responded to Defendant Warr's Motion, and the time for response has passed. This action has been referred to the undersigned for all pretrial purposes. (Docket no. 78.) The undersigned dispenses with oral argument on the motion pursuant to Eastern District of Michigan Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

I.    **RECOMMENDATION**

For the reasons that follow, it is recommended that Defendant Warr's Motion for Summary Judgment (docket no. 96) be **GRANTED** and that Defendant Warr be dismissed from this action.

1

## II. REPORT

### A. Background

The events giving rise to Plaintiff's claims against Defendant Warr occurred while Plaintiff was incarcerated at the Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan. According to Plaintiff,

> Currently I'm in Bellamy Creek Corr. Facility, and I'm being starved. When my meal tray is passed to me, little or nothing is on it. I've been told by 'Officer Wall' that his friends in the kitchen will make sure I don't eat. Other officers are apathetic, ammused [sic], or state; "they don't want to get involved". I've sent at least 5 kites to every inspector, and sargent [sic] in the facility. Due to a lack of nutrition (food) I am to[o] exhausted to stay up long enough to be able to reach the proper authorities in person. Each sargent [sic], Lt., or officer named in this complaint has been contacted regarding this problem, V.I.A. kite[s], grievances and I.D. mail. My health has declined to the point where I can bearly [sic] walk, and am vomiting daily. Due to threats made by Officer Warr, Officer Strait, and Officer Brickeley, I am afraid to request medical treatment, due to fear of retaliation. Right now I'm being starved, and eventually it will kill me.

(Docket no. 1 at 12-13.) Plaintiff alleges that the institutional authorities who were directly involved in depriving him of food were violating his constitutional right to be free from cruel and unusual punishment and that those authorities who were not directly involved were guilty of gross negligence, conspiracy, concealing and compounding a criminal offense, and corruption. (*Id*. at 10.)

Plaintiff named the MDOC and sixteen individuals purportedly employed by the MDOC (the MDOC Defendants), including Defendant Warr, as defendants in his Complaint. (Docket no. 1 at 1, 4-6.) The MDOC and three of the individual MDOC Defendants were summarily dismissed from this action on January 25, 2013. (Docket no. 13.) The remaining MDOC Defendants who had been served with the Complaint filed motions for summary judgment on April 19, 2013 and June 11, 2013, on the basis that Plaintiff failed to exhaust his administrative remedies. (Docket nos. 35 and 39.)

In a June 18, 2013 Report and Recommendation, Magistrate Judge Laurie J. Michelson addressed the MDOC Defendants' motions for summary judgment along with Plaintiff's Motion to Sever and Transfer Case to Ionia County District Court (docket no. 37). (Docket no. 40.) Judge Michelson treated Plaintiff's Motion to Sever as one for voluntary dismissal based on Plaintiff's representation in the Motion that he was dropping all federal claims against MDOC Defendants Mote, Niemiec, Bennickson, Gilbert, Wise, Perez, Angel, Wall, Malcolm, Gibson, and Maynard. (*Id*. at 3-4.) Judge Michelson noted that Plaintiff apparently intended to include MDOC Defendant Striat in the aforementioned list because his Motion further indicated that, if the Court granted the relief he sought, only Macomb County Defendants Campau, Klien, and Louis would remain in this matter. (*Id*. at 3 n.2.) Judge Michelson then recommended that Plaintiff's Motion to Sever be granted to the extent that it sought to dismiss all federal claims against MDOC Defendants Mote, Niemiec, Bennickson, Gilbert, Wise, Perez, Angel, Wall, Striat, Malcolm, Gibson, and Maynard; that any remaining state-law claims against those Defendants be dismissed; and that the MDOC Defendants' motions for summary judgment be denied as moot. (*Id*. at 8.) With regard to MDOC Defendant Warr, Judge Michelson recognized that he had not yet been served and advised Plaintiff that if he intended to dismiss Defendant Warr as well, he should file a notice of voluntary dismissal. (*Id*. n.3.) The Report and Recommendation was accepted and adopted over Plaintiff's objections on August 5, 2013, resulting in the dismissal of all of the MDOC Defendants from this action, except for Defendant Warr. (Docket no. 46.)

The Court initially directed the United States Marshals Service to serve Defendant Warr on January 25, 2013. (Docket no. 13.) On March 24, 2013, the Court was notified that Defendant Warr's waiver of service was returned unexecuted because he was on medical leave

3

with a possible return date of June 2013. On July 30, 2013, the Court re-directed service as to Defendant Warr (docket no. 44), and on November 8, 2013, a letter from the MDOC dated August 2, 2013 was filed with the Court stating that Defendant Warr was on extended leave and his date of return was indefinite (docket no. 58). On January 12, 2015 and May 8, 2015, the Court directed the U.S. Marshals Service to serve Defendant Warr at his home address. (Docket nos. 85 and 91.) The latter service attempt was successful, as Defendant Warr's waiver of service was executed on June 29, 2015 and filed with the Court on September 1, 2015. (Docket no. 94.) Defendant Warr now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (Docket no. 96.)

**B.** **Governing Law**

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

4

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

**C.     Analysis**

*1.     Exhaustion of Administrative Remedies*

Defendant Warr argues that summary judgment is appropriate because Plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act. (Docket no. 96 at 8-17.) The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a Section 1983 action. Specifically, the statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

Defendant Warr attached a copy of MDOC Policy Directive 03.02.130 regarding prisoner grievances to his Motion. (Docket no. 96-2.) The Policy Directive requires a prisoner to file a

Step I grievance within five days of attempting to resolve the grievable issue with prison staff. MDOC Policy Directive 03.02.130(V). If the prisoner is dissatisfied with the Step I response, he may file a Step II grievance within ten business days of receipt of the response. MDOC Policy Directive 03.02.130(BB). A similar procedure applies to the Step III grievance process in that if a prisoner is dissatisfied with the Step II response, the prisoner "must send a completed Step III grievance, using the Prisoner/Parolee Grievance Appeal form [], to the Grievance and Appeals Section within ten business days after receiving the Step II response or, if no response was received, within ten business days after the date the response was due. . . ." MDOC Policy Directive 03.02.130(FF). A prisoner's administrative remedies are exhausted once his complaints have been grieved through all three steps of the grievance process in compliance with [the] policy. MDOC Policy Directive 03.02.130(B).

Defendant Warr asserts that Plaintiff failed to exhaust his administrative remedies through Step III of the grievance process. (Docket no. 96 at 14-15.) In support of this assertion, Defendant Warr submitted the Affidavit of Richard D. Russell as an exhibit to his Motion. (Docket no. 96-3.) In this Affidavit, Mr. Russell attests that he is the Manager of the Grievance Section of the MDOC and that he searched the MDOC's database for Step III grievance appeals filed by Plaintiff and found none. (*Id*. ¶¶ 1, 18.) Mr. Russell attached Plaintiff's Step III Grievance Report to his Affidavit, which reveals that no records of any Step III grievance appeals were found for the period of May 2009 through the date of the report, March 25, 2013. (*Id*. at 6.) Plaintiff has not provided any evidence in response to the instant motion to show otherwise. Accordingly, based on the evidence attached to Defendant Warr's motion, it is evident that Plaintiff failed to exhaust his administrative remedies.

As Defendant points out, Plaintiff has previously acknowledged that he failed to exhaust his administrative remedies, and he contemporaneously moved to be excused from the exhaustion requirement. (Docket no. 96 at 15 (citing docket nos. 15 and 16); docket no. 43.) In his motions on the issue, Plaintiff asserted that such an excusal was appropriate because he was under the threat of imminent injury and had no choice to proceed directly to court; he was threatened with retaliation if he filed a grievance; and officers at IBC would not provide him with the necessary materials. (*See* docket nos. 15 and 16.) In a February 25, 2013 report and recommendation, Magistrate Judge Michelson recommended that Plaintiff's motions be denied on the basis that (1) Plaintiff's request was premature, as the failure to exhaust is an affirmative defense to be raised by the defendants, who had not yet appeared in the matter; and (2) "Plaintiff's allegations [were] not sufficient at th[at] early stage of the proceedings to constitute a substantial showing that he w[ould] successfully establish that he should be excused from exhausting his administrative remedies." (Docket no. 18 at 6-10.) This recommendation was adopted on March 20, 2013. (Docket no. 28.) Plaintiff then filed a Second Motion for Waiver of Exhaustion on July 23, 2013, in response to the MDOC Defendants' affirmative defense in their motions for summary judgment. (Docket no. 43.) Plaintiff's Second Motion was denied as moot because the MDOC Defendants had been dismissed from the case, resulting in the dismissal of their motions for summary judgment. (Docket nos. 47 and 55.)

At that juncture, Defendant Warr had not yet been served. Now, Defendant Warr has filed the instant Motion on the basis that Plaintiff failed to exhaust his administrative remedies, and, despite Plaintiff's numerous filings in this matter, Plaintiff has elected not to respond to Defendant Warr's Motion and re-assert his argument that he should be excused from his exhaustion requirements. Plaintiff's silence on this subject suggests that either Plaintiff does not

7

apply his exhaustion argument to Defendant Warr or Plaintiff has abandoned this argument. The Court need not speculate, however, as the reason for Plaintiff's lack of response is irrelevant to the instant matter. Here, Defendant Warr submitted evidence that Plaintiff failed to exhaust his administrative remedies, and Plaintiff has not proffered any opposing argument or evidence in response. Defendant Warr's Motion for Summary Judgment should therefore be granted in this regard.

### 2. *Qualified Immunity*

Defendant Warr also alleges that he is entitled to qualified immunity. (Docket no. 96 at 17-20.) Under qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). That is, "'[t]he defense of qualified immunity protects officials from individual liability for monetary damages but not from declaratory or injunctive relief.'" *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 635 n.2 (6th Cir. 2013) (quoting *Flagner v. Wilkinson*, 241 F.3d 475, 483 (6th Cir. 2001)).

The Sixth Circuit has set forth a tri-part test to determine whether a defendant is entitled to qualified immunity: whether (1) "the facts viewed in the light most favorable to the plaintiff[] show that a constitutional violation has occurred;" (2) "the violation involved a clearly established constitutional right of which a reasonable person would have known;" and (3) "the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (citing *Feathers v. Aey*, 319 F.3d 843,

848 (6th Cir.2003)); *see also Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir.1999) (en banc) (noting that "objective legal reasonableness" is a distinct, third prong of the qualified immunity analysis). The court may, however, take up these considerations in any order. *See Pearson v. Callahan*, 555 U.S. 223 (2009).

Defendant Warr asserts that he is entitled to qualified immunity because Plaintiff's "vague allegation" against him does not state a violation of clearly established law. (Docket no. 96 at 20.) In his sole allegation against Defendant Warr, Plaintiff claims that "[d]ue to threats made by Officer Warr, Officer Strait, and Officer Brickeley, [he was] afraid to request medical treatment, due to fear of retaliation." (Docket no. 1 at 13.) As Defendant Warr points out, Plaintiff does not allege that Defendant Warr denied him food or medical treatment or that he retaliated against Plaintiff. (*See* docket no. 96 at 20; docket no. 1.) Indeed, Plaintiff has not alleged a constitutional wrongdoing committed by Defendant Warr, as "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citation omitted). Where there is no constitutional violation, "the plaintiff's § 1983 claim fails as a matter of law and the defendant is therefore entitled to summary judgment and does not need qualified immunity." *Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir.2007). Accordingly, Defendant Warr's Motion for Summary Judgment should be granted.

### 3. Alternative Grounds for Dismissal

In the alternative, it is recommended that Plaintiff's claims against Defendant Warr be dismissed for the reasons stated by Magistrate Judge Michelson in her June 18, 2013 Report and Recommendation to dismiss the other MDOC Defendants. (Docket no. 40.) As discussed above, Judge Michelson reasoned that MDOC Defendants Mote, Niemiec, Bennickson, Gilbert,

Wise, Perez, Angel, Wall, Malcolm, Gibson, Maynard, and Striat should be dismissed based on Plaintiff's representations that he was dropping all federal claims against MDOC Defendants Mote, Niemiec, Bennickson, Gilbert, Wise, Perez, Angel, Wall, Malcolm, Gibson, and Maynard and that he sought to pursue his federal claims against the Macomb County Defendants only. (*Id*. at 3-5.) Judge Michelson's recommendation was adopted over Plaintiff's objections because it "recommend[ed] precisely what [Plaintiff's] motion requested." (Docket no. 46 at 4.) While Defendant Warr was omitted from the recommendation (and the subsequent order) to dismiss the MDOC Defendants because he had not yet been served, and Plaintiff did not file a notice of voluntary dismissal with regard to Defendant Warr as suggested, Plaintiff's own statements that Defendants Campau, Klien, and Louis would be "the remaining 3 defendants in federal court" are highly compelling and demonstrative of his intent to drop his federal claims against Defendant Warr. (*See* docket no. 37.) Accordingly, dismissal of Plaintiff's claims against Defendant Warr is warranted on this basis.

### D. Conclusion

For the above-stated reasons, it is recommended that the Court **GRANT** Defendant Warr's Motion for Summary Judgment (docket no. 96) and dismiss Defendant Warr from this action.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th

Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 6, 2016         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Kyle Richards and counsel of record on this date.

Dated: April 6, 2016         s/ Lisa C. Bartlett
                             Case Manager

11